**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Stevie Wayne Bailey,
**Petitioner Below, Petitioner**

**v.)  No. 24-253** (Wyoming County CC-55-2020-C-55)

Jonathan Frame, Superintendent,
**Mount Olive Correctional Facility and Jail,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

The petitioner, Stevie Wayne Bailey, appeals the April 3, 2024, order of the Circuit Court of Wyoming County denying his amended petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in finding that he did not receive ineffective assistance of counsel. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner is serving a lifetime sentence without mercy for the first-degree murder of Dan Holcomb. Following the petitioner's conviction, he was sentenced to life in prison without the possibility of parole. The petitioner filed a direct appeal of his murder conviction and life sentence, and this Court affirmed the conviction in *State v. Bailey*, 179 W. Va. 1, 365 S.E. 2d 46 (1987).

In 1991, the petitioner filed his first petition for a writ of habeas corpus (Wyoming County case number 91-C-191). In that proceeding, he was represented by Lena S. Hill, Esquire, and was provided an omnibus evidentiary hearing. The circuit court denied habeas relief and the petitioner appealed that decision to this Court; the decision was affirmed in *State ex rel. Bailey v. Legursky*, 200 W. Va. 769, 490 S.E. 2d 858 (1997).

Thereafter, the petitioner filed three additional habeas corpus petitions. The first was denied by the circuit court and refused by this Court in 2000. The next was denied by the circuit court and refused by this Court in 2004. The third was filed in 2008 and denied by the circuit court, yet again. In the 2008 case, the petitioner was represented by Timothy Lupardus, Esquire. Judge

---

[1] The petitioner is a self-represented litigant, and the respondent appears by Attorney General John B. McCuskey and Senior Assistant Attorney General Michele Duncan Bishop. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

John Hrko initially denied the 2008 petition, and the petitioner appealed based on the grounds of an alleged conflict by Judge Hrko. This Court remanded the matter to the circuit court and Senior Status Judge Charles Vickers entered a scheduling order. Accordingly, Mr. Lupardus filed an extensive Amended Petition in the matter and Edward J. Kornish, Esquire, filed a response on behalf of the State. On May 5, 2017, Judge Vickers entered an order denying relief based upon the review of the petition and underlying record, without a hearing.

On August 24, 2020, the petitioner initiated a proceeding alleging ineffective assistance of habeas counsel during the 2008 habeas corpus filing. Although the petitioner argued that the habeas court erred in declining to conduct an evidentiary hearing to address two arguments: (1) that the prosecutor improperly influenced the jury; and (2) that the trial counsel also represented a state witness and was therefore ineffective, the circuit court found that the petitioner had not provided the court with sufficient justification for scheduling a hearing on those claims.

On February 9, 2023, the petitioner, as a self-represented litigant, filed a new petition for a writ of habeas corpus in the Circuit Court of Wyoming County asserting that his prior habeas counsel, Mr. Lupardus, was ineffective. The petitioner argued that Mr. Lupardus failed to raise and develop all claims for habeas corpus relief, and that he "fail[ed] to raise a sentencing issue" that would have challenged the trial counsel's failure to seek a "mitigation trial." The circuit court analyzed the petition under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984).[2] After reviewing the record, the circuit court determined that it was not necessary to conduct an evidentiary hearing on the 2023 petition and entered an order dated April 3, 2024, summarily dismissing and denying the petition for writ of habeas corpus.

The circuit court noted that there was no evidence that Mr. Lupardus performed deficiently or that the outcome would have been different had Mr. Lupardus proceeded differently. Although the court acknowledged petitioner's argument that Mr. Lupardus's investigation was lacking, the court stated that nearly every claim set forth by Mr. Lupardus on behalf of the petitioner had already been adjudicated and was therefore barred by the doctrine of res judicata. The circuit court found that all of the other issues were waived by virtue of the petitioner's failure to raise the issues at any of his other post-trial proceedings. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all

---

[2] In order to determine ineffective assistance of counsel, the court must determine that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying the petitioner habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice James W. Flanigan

**DISQUALIFIED:**

Justice H. L. Kirkpatrick